925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James W. FRANCE, et al., Appellants
 Nos. 90-3073, 90-3080.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 19, 1991.
 
 Before RUTH BADER GINSBURG, D.H. GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia, and on the briefs and arguments of counsel. Upon full review of the issues presented, the court is satisfied that appropriate disposition of the appeals does not warrant an opinion. See D.C.Cir.R. 14(c).
 
 
 2
 In light of the prevailing case law, we hold that the Union Station searches in question were not seizures within the meaning of the Fourth Amendment and took place with the requisite consent. See, e.g., Michigan v. Chesternut, 486 U.S. 567, 573 (1988) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.)); United States v. Maragh, 894 F.2d 415, 418 (D.C.Cir.), cert. denied, 111 S.Ct. 214 (1990).
 
 
 3
 Furthermore, we sustain the district court's ruling that the evidence did not warrant an instruction on the lesser included offense of simple possession. See United States v. Payne, 805 F.2d 1062, 1067 (D.C.Cir.1986); United States v. Thornton, 746 F.2d 39, 47 (D.C.Cir.1984). We note that the situation before us in this case is dispositively different from the situation presented in United States v. Gibbs, 904 F.2d 52, 58-59 (D.C.Cir.1990). In that case, five men were apprehended with 15.5 grams of crack cocaine. The government introduced no expert testimony or other evidence that the amount in question was inconsistent with personal use. In this case, by contrast, three people were arrested with 50.9 grams of crack cocaine. The government's expert testified that the overall quantity of drugs, the packaging of 19 grams in over 200 small plastic vials, the large 31 gram "rock," and the bag of empty small vials identical to those containing the crack cocaine, were, in combination, consistent with distribution and inconsistent with personal use. It is therefore
 
 
 4
 ORDERED and ADJUDGED that the convictions from which these appeals have been taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).